■ In the Matter of JEROME D. MONKARSH, Appellant, v. LOUIS KURTZ et al., Constituting the Board of Trustees of the Village of Spring Valley, et al., Respondents; ALFRED M. MURPHY, Intervenor-Respondent. In a proceeding, *inter alia,* to compel a recanvass of ballots cast in the village election in the Village of Spring Valley held on March 19, 1974 or, in the alternative, to compel certification of petitioner as having been elected as a member of the Board of Trustees of the village at said election, the appeal is from a judgment of the Supreme Court, Rockland County, dated March 29, 1974, which denied certification of petitioner as an elected trustee, adjudged the entire election to be invalid and ordered an entire new election to be conducted. Judgment reversed, on the law and the facts, without costs, and proceeding remanded to Special Term for proceedings not inconsistent herewith. At a village election in which two candidates were to be elected to serve two-year terms as trustees and one candidate was to be elected to serve a one-year term, candidate Schreiber received the largest number of votes among the candidates for the two-year positions, and petitioner and the intervenor tied for second. Candidate Rosenthal was the winner in the election for the one-year position. Candidates Schreiber and Rosenthal were never served with process in this proceeding. Consequently, Special Term was without jurisdiction to order a new election as to their candidacies. Each received the largest number of votes for the elective office he had sought and thus each must be certified as a winning candidate. Both the petitioner and the intervenor have alleged certain irregularities. We remand this proceeding to Special Term with the direction that findings of fact be made as to the effect, if any, of the alleged irregularities vis-à-vis petitioner and the intervenor only. If the alleged irregularities are found to have had a material effect on the outcome of the election, then a new election between these two candidates only must be held. If, on the other hand, the alleged irregularities are found to have had no material effect on the outcome of the election, proceedings consistent with the provisions of section 524 of the Election Law regarding the resolution of tie votes must be conducted. Latham, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.

■ SEYMOUR J. LEVINE, Appellant, v. CEPORAH M. LEVINE, Respondent.— In an action in which defendant was granted a divorce, upon a counterclaim, by a judgment of the Supreme Court, Kings County, dated May 6, 1970 and amended by an order dated July 1, 1970, plaintiff appeals from an order of the same court, dated March 8, 1971, which denied his cross motion to obtain "liberal visitation rights" of the parties' child. Order affirmed, without costs. No opinion. On this court's own motion, the case is remanded to Special Term for a hearing and a new determination on the issue whether plaintiff should be granted visitation rights and, if so, on the question of the fixing of such rights. Since three years have elapsed since plaintiff's cross motion for visitation rights was denied, it cannot be determined whether denial to plaintiff of visitation with his child should be continued in the absence of an up-to-date hearing and determination of this issue. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.