Per Curiam.

In the September 8, 1977 primary in the City of Buffalo, seven candidates competed for nominations by the Democratic Party for three councilman-at-large positions. The official canvass resulted in the following tally: Arthur 29,621; Okoniewski 22,647; Bellamy 20,835; Doherty 20,611; Voskerichian 13,381; Iraci 12,355; and Vanderlip 8,969.
Candidate Doherty, who received the fourth highest number of votes, instituted this proceeding pursuant to subdivision 2 of section 330 of the Election Law seeking a new primary election on the ground that the primary had been characterized by such irregularities or fraud as to render it impossible to determine who was rightfully nominated. Following a fact-finding hearing Special Term, although it found no fraud on the part of any of these candidates, determined that there were approximately 1,053 irregular voters in three city council districts.
Special Term, reasoning that the respective margins of Arthur and Okoniewski over the third highest candidate were such that the irregularities could not change the result as to said two highest vote-getters and that there was no possibility that the alleged irregularities would have changed the result as to Voskerichian, Iraci and Vanderlip so as to move them ahead of Doherty or Bellamy to secure the third nomination, *1071 dismissed the petition as to Arthur, Okoniewski, Voskerichian, Iraci and Vanderlip and ordered that the certification of Arthur and Okoniewski as successful candidates was proper. In a second order, it directed a new primary election for the third Democratic nomination for councilman-at-large, same to be restricted to the three districts in which the irregularities were found. The Appellate Division, without disturbing Special Term’s findings of fact, modified these orders by granting the petition as to all respondents and by ordering that the new election include all seven candidates and that it be held city-wide.
Subdivision 2 of section 330 of the Election Law empowers the court to direct a new primary election where the original primary "has been characterized by such frauds or irregularities as to render impossible a determination as to who rightfully was nominated or elected”. The preamble of the section authorizes the Supreme Court to make such order as justice may require. The Charter of the City of Buffalo provides for the filling of "a vacancy in the office of * * * councilman-at-large” (see Local Laws, 1932, No. 4, §25, as amd by Local Laws, 1961, No. 6, § 7) and thus envisions that each councilman-at-large seat shall be separate from the others. Since there was no "likelihood that the questioned votes produced or could produce a change in the result” as to the two highest vote-getters (Matter of Ippolito v Power, 22 NY2d 594, 598), these two had won the primary, the voters’ choice as to these two should be respected, and it was not unjust to provide that they not be subjected to another primary election. Conversely, the same reasoning should be applied to the three candidates receiving the three lowest vote totals.
This result is consistent with that arrived at in Matter of Monkarsh v Kurtz (44 Ad2d 700), where candidate Schrieber at a village election received the largest number of votes among the candidates for two two-year positions as trustee and petitioner and the intervenor tied for second. The court stated that Schrieber must be certified as a winning candidate and remanded the proceeding to Special Term for findings as to alleged irregularities as between petitioner and the intervenor only, stating that if the alleged irregularities had a material effect on the outcome of the election, then a new election between these two candidates only must be held.
In the instant matter, the nomination is city-wide in scope and the new primary should encompass the same area. More *1072 over, those eligible to vote at the new primary, because of the passage of time, may well be different than those participating at the original.
Accordingly, the order of the Appellate Division, which modified the October 5, 1977 order of Supreme Court, Erie County, should be reversed and that October 5, 1977 order reinstated; and the order of the Appellate Division, which modified the October 6, 1977 order of Supreme Court, Erie County, should be modified by providing that the new citywide primary election to be held on October 18, 1977 shall include only petitioner Doherty and respondent Bellamy and, as so modified, that order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order which modified the October 5, 1977 order of Supreme Court, Erie County, reversed, without costs, and the October 5, 1977 order reinstated.
Order which modified the October 6, 1977 order of Supreme Court, Erie County, modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.