■ In the Matter of FLOYD MASON et al., Appellants, v FREDERICK TAPEL, Respondents.—Order unanimously affirmed, without costs. Memorandum: Alleging malfunctioning of the voting machines and other irregularities in the Village of North Syracuse general election for Mayor and two trustees held on June 19, 1979, petitioners brought a proceeding under articles 15 and 16 of the Election Law, seeking to have the election set aside and a new general election ordered. Special Term dismissed the petition for lack of jurisdiction. On appeal petitioners contend that the court may entertain the petition pursuant to the provisions of section 15-138 of the Election Law. We disagree. The history of that section (see Village Law, § 4-432, L 1964, ch 740; Election Law, § 536, L 1972, ch 895, § 2; L 1972, ch 895, § 3) and such expression of legislative intent as is available (see 1972 McKinney's Session Laws of New York, p 3409) demonstrates that section 15-138 is merely a recodification of prior law. Since section 15-138 was not intended to create an enlargement of the summary jurisdiction of Supreme Court over general elections, there is no jurisdiction to grant the summary relief demanded *(Matter of Hogan v Supreme Ct. of State of N. Y.,* 281 NY 572; see *Matter of Quinn v Kehoe,* 61 Misc 2d 392; Election Law, art 16). Relying upon this court's decision in *Dekdebrun v Hardt* (68 AD2d 241), petitioners further argue that the proceeding should be converted into an action for declaratory judgment, thus permitting review on the merits. *Dekdebrun* is inapposite, however, since there is no showing here that the Attorney-General has delayed or refused to act in a quo warranto proceeding (Executive Law, § 63-b). Further, in *Dekdebrun* it was not asserted at Special Term as it was here that quo warranto was the appropriate remedy. The proper and traditional remedy for the relief sought by petitioners here is quo warranto *(Matter of Corrigan v Board of Elections of Suffolk County,* 38 AD2d 825, affd 30 NY2d 603). (Appeal from order of Onondaga Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. BELL, Appellant.—Judgment unanimously affirmed. (See *People v Taylor,* 27 NY2d 327, 332.) (Appeal from judgment of Jefferson County Court—burglary, third degree.) Present—Cardamone, J. P., Simons, Callahan and Witmer, JJ.