OPINION OF THE COURT
Edward M. O’Gorman, J.
On March 18, 1980, an election was held in the Village of Walden for three offices of village trustee — two-year term and one office for village trustee — one-year term. Prior to the election, no candidates were nominated for the office of village trustee — one-year term.
A single voting machine was used for the purpose of record *787 ing the votes. No question is raised herein with respect to the election of the village trustees other than the election for village trustee — one-year term. As to this latter office, the vote in the Village of Walden was by write-in. As appears from the recanvass of the Orange County Board of Election, the petitioner herein received 83 write-in votes; Howard Schmidt received 85 write-in votes; four other candidates received 8 additional write-in votes among them, and 3 write-in votes were declared illegible.
It further appears from the recanvass report of the board of elections that the name of Davis was, by a person unknown, unlawfully written at some time during the day on the face of the voting machine on line D, column 4, which was the column which showed the title of the office of "Village Trustee —One Year Term”.
The recanvass found that where the name had appeared on the face of the voting machine, 14 votes were found recorded on the voting mechanism under the handwritten name "Davis” in column 4, line D.
Petitioner, having requested the recanvass, now seeks an order of this court directing the inspectors of election to count the additional 14 votes cast for petitioner by lever on the machine and credit his total with such amount, and to correct the certificate of election to recite that petitioner had received 97 votes for the office of village trustee — one-year term, thus making petitioner the successful candidate for village trustee —one-year term.
This proceeding is challenged at the outset on the ground that it has not been commenced within the three-day period prescribed by section 15-126 of the Election Law. Petitioner responds by pointing out that this proceeding was in fact commenced on March 31, 1980, which was not later than three days after the determination of the board of elections was filed with the clerk of the Village of Walden.
Section 15-126 of the Election Law specifies the responsibility of the county board of elections upon a request for a recanvass in a village election, and provides in pertinent part as follows: "The village clerk shall, within one day after the written request for a recanvass is received notify the county board of elections of such request, whereupon the board of elections shall assume the duty of such recanvass and shall take all steps necessary and consistent with this chapter to cause a recanvass of the vote. Such recanvass shall be com *788 pleted within five days of such notice to the county board of elections. The institution of a recanvass shall immediately stay any further action by, or on behalf of, the village clerk with regard to further election procedures required by this section. Judicial review as provided by this chapter must be commenced no later than three days after the completion of the recanvass by the board of elections. Upon completion of the recanvass, the county board of elections shall notify the village clerk of the result.” (Election Law, § 15-126, subd 2.)
The court has been unable to discover, nor has there been called to the court’s attention, any case construing this particular section from the point of view of the event which commences the running of the three-day period within which an application for judicial review may be sought. However, a close examination of the language of section 15-126 and the statutory plan of the Legislature to secure fairness in the election process and an adequate judicial review thereof can lead to but one conclusion. If there is to be adequate judicial review, then the time within which to apply for such review cannot commence to run prior to the time that the decision of the board of elections is communicated in accordance with the requirements of the Election Law. Were it otherwise, and were there no requirement for the communication of the result of the board’s activity, the three-day period could run before any party could determine that he was aggrieved by the decision and whether a judicial review would be necessary.
In the portion of the Election Law above quoted, the board of elections is required to “take all steps necessary and consistent with this chapter”. (Election Law, § 15-126, subd 2.) One of the duties imposed upon the board is to notify the village clerk of the result of the recanvass. Section 15-138 of the Election Law provides for judicial review of questions arising out of a village election. This, then, is one of the requirements of the chapter with which the steps taken by the board must be “consistent”. It would appear to be arbitrary and unreasonable to conclude that the term "completion of the recanvass by the board of elections” (Election Law, § 15-126, subd 2) did not include an articulation by the board of the result of its efforts.
In the statutory scheme it is the village clerk who has the duty of requesting the recanvass of the vote by the board of elections and it is with the village clerk that the aggrieved candidate must file the written request for such recanvass. It *789 is only reasonable, then, to expect that the candidate look to the village clerk to ascertain the result reached by the board of elections, because notification of the village clerk is the only means mandated by the statute by which the board of elections, as the final act of its recanvass, makes known its decision. Without such decision there is nothing from which an aggrieved candidate can appeal to the court.
The limited significance of the words "upon completion” in the Election Law can be further illustrated by a reference to subdivision 3 of section 9-208, which begins with the words "If upon such recanvass, it shall be found that a discrepancy still remains unaccounted for”. The reference is to a discrepancy which may remain after the additional step is taken as provided in subdivision 2 of said section, which itself begins "If upon such recanvass”, clearly demonstrating that the words "upon such recanvass” as used in subdivision 3 included not only the act of recanvassing but the subsequent related activity of the preparation of a statement in writing of the result of the recanvass, required by subdivision 2.
The court therefore concludes that the proof establishes that the proceeding was commenced on March 31, 1980, which was within the three-day period provided by statute after the result of the recanvass was filed with the Village Clerk of the Village of Walden. In this connection, as provided in section 20 of the General Construction Law, the intervening Sunday, March 30, is not counted.
We come now to a consideration of the application before the court. The request that the court credit petitioner with 14 additional votes as shown on the face of the machine is opposed by the candidate Schmidt on the ground that the lever for column D, line 4 was defective and that the total shown for said line on the voting machine may be incorrect; that the votes cast under the name of Davis on the machine may have been cast by voters under the impression that he was running unopposed for the office, and also on the ground that it is possible that some of the votes recorded on the machine were made by voters who also had the opportunity to duplicate the vote in the form of a write-in.
The court is inclined to agree that to credit the votes recorded on the machine by lever would work an injustice on rival candidates.
In this case, as in every case, it should be the court’s principal objective, where the framework of the Election Law *790 permits, to prevent the disenfranchisement of those who seek to exercise their right to vote in our elections. In the case of the election for village trustee — one-year term, the orderly process of the election was thwarted by the improper writing on the face of the voting machine. The only fair method to correct this intrusion into the voting process is to conduct the election once again so that the voters of the Village of Walden may vote by write-in for the candidate of their choice for the office of village trustee — one-year term.
It is urged on behalf of the candidate Schmidt that this court lacks the power to annul the election for irregularities in the voting, citing Matter of Corrigan v Board of Elections of Suffolk County (38 AD2d 825, affd 30 NY2d 603). It must be pointed out, however, that in Corrigan the court was construing the powers of Special Term pursuant to the provisions of section 16-100 of the Election Law, which limits the jurisdiction of the Supreme Court to determine questions arising out of certain elections "to any subject set forth in this article [art 16]”. (Election Law, § 16-100, subd 1.) However, in this case, the court was acting pursuant to the powers vested in the court by section 15-138 which provides that the Supreme Court within the judicial district in which the village is located "shall have summary jurisdiction to determine any question arising and make such order as justice may require, in respect to village elections”. This section as presently drawn contains no limitation similar to that found in section 16-100. Such limitations were formerly contained in the predecessor section to section 15-138, but were removed from that section by chapter 895 of the Laws of 1972. In this connection see Matter of Monkarsh v Kurtz (44 AD2d 700) cited with approval in Matter of Doherty v Mahoney (42 NY2d 1069, 1071).
The Board of Trustees of the Village of Walden shall proceed as soon as possible to adopt the necessary resolution for the conduct of a special village election to elect a village trustee for one year to fill the vacancy left by the annulment of the election for village trustee — one-year term on March 18, 1980, and to proceed to arrange for the conduct of such election in accordance with the provisions pertaining to such special election contained in section 15-104 of the Election Law.