## (August 28, 1981)

■ In the Matter of ANTHONY M. RUDMANN, Appellant-Respondent, v GEORGE P. SCARINGE et al., Constituting the Board of Elections of the County of Albany, et al., Respondents, and PATRICIA H. HENNESSEY et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 27, 1981 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law to vacate and annul a certificate designating candidates for the Conservative Party nominations for the party offices of Delegate and Alternate Delegate from the 103rd Assembly District to the Third Judicial District convention. Pursuant to a rule of the Albany County Conservative

Committee, the executive committee of that body designated respondents Patricia H. Hennessey, James J. Hennessey and others, as candidates for the Conservative Party nominations for the party offices of Delegate and Alternate Delegate from the 103rd Assembly District to the Third Judicial District convention. A certificate of designation nominating these candidates was filed with the respondent board of elections and petitioner thereafter filed objections and specifications of objections to the certificate. A hearing before the commissioners of election resulted in a split decision and the instant proceeding was commenced. In essence, petitioner contended that the certificate of designation should be invalidated since section 6-118 of the Election Law requires that nomination of a candidate for election to a party position to be elected at a primary shall be by designating petition. Citing its decision of the same date in *Matter of Rudmann v Scaringe,* a companion proceeding in which petitioner challenged the same executive committee's designation of two candidates for certain county offices, Special Term granted the petition and vacated and annulled the certificate. In addition, pursuant to *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614), the court directed the respondent board "to provide an opportunity at the primary election to write in the names of the Conservative Party nominees for said party offices". Petitioner now appeals from Special Term's judgment on the ground the court improperly directed a write-in primary. Respondents Patricia H. Hennessey and James J. Hennessey cross-appeal from so much of the judgment as vacated and annulled the certificate. Addressing ourselves first to the cross appeal, we conclude that respondents Hennessey, by merely noting that the Election Law provides for different processes by which candidates may obtain a party nomination, have failed to sustain their heavy burden of establishing that the statute deprives them of equal protection of law or is otherwise constitutionally infirm by imposing upon them a more burdensome task (see, e.g., *Jenness v Fortson,* 403 US 431). In this case, section 6-118 of the Election Law requires that the nomination of candidates to the party offices in question "shall be by designating petition". Respondents neither deny that the statute requires petitions for lawful nomination nor do they explain why compliance with the law would have been discriminatory or would have made it more onerous for them to obtain their party's nomination. Accordingly, the cross appeal must fail and we affirm so much of Special Term's judgment as vacated the certificate of designation. We reach a different conclusion, however, with respect to Special Term's direction that an opportunity be provided for write-in balloting at the primary election. In this case, other candidates for these offices have been duly nominated by petition in accordance with section 6-118 of the Election Law. Therefore, the instant situation is readily distinguishable from that in *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614, *supra)* where, because of the failure of all pending designations for an office, the members of the political party were without a designated candidate for that office. The granting of an opportunity to ballot in this case would be tantamount to condoning a clear failure of compliance with the Election Law and, therefore, was an improper exercise of the discretion possessed by Special Term under that statute. Judgment modified, on the law and the facts, by reversing so much thereof as directed that an opportunity for write-in balloting be provided at the primary election, and, as so modified, affirmed, without costs. Sweeney, Kane and Casey, JJ., concur.

Mahoney, P. J., and Weiss, J., concur in part and dissent in part in the following joint memorandum. Mahoney, P. J., and Weiss, J. (concurring in part and dissenting in part). While we concur with the majority's holding that Special Term properly vacated and annulled the certificate of designation, we respectfully dissent from that portion of their statement which denies the right

of enrolled Conservative Party members to vote on primary day for the positions of Delegate and Alternate Delegate to the Third Judicial District convention. The factual circumstances herein should compel the extention of the rationale of *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614) to this case. For an untold number of years, the Albany County Conservative Party has selected its delegates to the judicial convention by utilizing the designations of its executive committee. Historically, neither the Albany County Board of Elections nor the New York State Board of Elections rejected or questioned this process. While the majority adheres to strict compliance with section 6-118 of the Election Law, equal consideration must be given section 16-100 by which the right of the executive committee, as well as the rank and file members of the Albany County Conservative Party, to vote for candidates of their choice should be preserved. Further, the majority's view that those party members who would have the right to vote for delegates to their party's judicial convention, pursuant to the determination below, are not prejudiced because they had the opportunity to designate delegates by petitions and failed to do so, overlooks the fact that these party enrollees were relying on the long-standing practice of their party committee to nominate by certificate rather than petition. Section 16-100 of the Election Law, which confers on the Supreme Court the power to summarily determine all questions of law and fact pertaining to election matters and, further, empowers that court to construe the Election Law liberally to achieve that end, embodies the legislative intent that openness and fairness should govern intraparty affairs. Here, primary day is election day and in the absence of the opportunity to vote by the large majority of enrolled Conservative Party members, the designees for convention delegate will be elected without opposition. Accordingly, we hold that Special Term was vested with the requisite power to fashion a remedy, given the factual pattern herein, that affords the Conservative Party members an opportunity to choose both their candidates for public office and their delegates to this judicial convention (Election Law, § 16-100; *Matter of Brown v Ulster County Bd. of Elections, supra*). The judgment should be affirmed in its entirety.