■ In the Matter of WILLIAM DOVALE, Petitioner, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State of the State of New York, dated December 24, 1980, which, after a hearing, *inter alia,* revoked petitioner's license as a real estate broker. Determination confirmed and proceeding dismissed on the merits, with costs. Although the actions underlying the disciplinary charges are not acts for which petitioner's license as a real estate broker was required, they may be considered in determining petitioner's untrustworthiness and incompetency as a broker. That fact does not prevent the Secretary of State from asserting jurisdiction through a disciplinary proceeding. While "disciplinary action by the Secretary of State should be taken only where there is an adverse effect upon the public at large", "there may be situations in which * * * a broker's 'business practices' or 'business methods' * * * are so devious as to indicate clearly that he would not deal fairly with the public and, therefore, disciplinary action under section 441-c of Real Property Law for demonstrating 'untrustworthiness' might be warranted". (*Matter of Stowell v Cuomo,* 52 NY2d 208, 212, 213.) This is such a case. Substantial evidence was produced at the hearing to show that petitioner, acting on behalf of a home construction corporation, regularly engaged in the practice of submitting fraudulent contracts and loan applications to banks in order to obtain larger mortgages than might otherwise be available. In view of the facts and circumstances of this case, the revocation of petitioner's license is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ In the Matter of CARMELLA ELLIS, Respondent, v THOMAS F. ELLIS, Appellant. — In a support proceeding, the husband appeals from an order of the Family Court, Putnam County (Delaney, J.), dated May 21, 1981, committing him to jail for a period of six months for violation of a support order. Order reversed, on the law, without costs or disbursements, and contempt petition dismissed. The findings of fact have not been considered. The order to show cause, by which the contempt application was made, failed to contain the notice and warning required by subdivision (b) of section 453 of the Family Court Act. Accordingly, the Family Court lacked jurisdiction to order the appellant's commitment (see *Barreca v Barreca,* 77 AD2d 793). Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.