■ In the Matter of the Estate of JAY B. RAPPAPORT, Deceased. MONROE CHAPIN, Respondent; ALFRED D. RAPPAPORT, Appellant. — In a proceeding to discover property belonging to the decedent's estate, in which petitioner sought, pursuant to article 19 of the Judiciary Law and SCPA 606 and 607, to hold Alfred D. Rappaport in contempt of court for his willful refusal or neglect to obey a prior court order, Alfred D. Rappaport appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 4, 1981, which adjudicated him guilty of contempt and ordered that, unless he purged himself of the contempt within 15 days of service of the order upon him, a warrant of commitment would issue directing his imprisonment. Order reversed, on the law, without costs or disbursements, and contempt petition dismissed. We are constrained to dismiss the petition in this proceeding because neither of the two orders to show cause involved contained the notice and warning "that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both" (see Judiciary Law, §§ 756, 757). Since this defect is jurisdictional in nature, we are left with no other alternative (see Matter of Ellis v Ellis, 85 AD2d 602; Barreca v Barreca, 77 AD2d 793). Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ In the Matter of EUGENE SCOTT, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Respondent. — Appeal from a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered June 1, 1981, dismissed as academic, without costs or disbursements. The petitioner has been released from prison. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.