■ In the Matter of THERESA GERZACK, Respondent, v LEO GERZACK, Appellant. — In a proceeding pursuant to article 4 of the Family Court Act, Leo Gerzack appeals from an order of the Family Court, Nassau County (Collins, J.), dated February 3, 1981, which, after a hearing, (1) denied his application for a downward modification of court-ordered child support payments, (2) held that he had willfully failed to make those support payments, (3) fixed the arrears at $700, and (4) ordered his incarceration for a period of 30 days, in the event that he did not pay the arrears by April 1, 1981. On March 25, 1981, this court stayed that portion of the order appealed from which directed Mr. Gerzack's incarceration, pending determination of the instant appeal. Order affirmed, without costs or disbursements. Appellant's time to pay the arrears is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. For the first time on appeal, appellant alleges a jurisdictional defect, to wit, that the summons did not contain the notice required by subdivision (b) of section 453 of the Family Court Act (see *Matter of Rappaport,* 85 AD2d 697; *Matter of Ellis v Ellis,* 85 AD2d 602). However, this court is bound by the record, which does not bear out appellant's contention. The court's copy of the summons dated January 13, 1981 contains the requisite notice. If appellant wishes to raise a jurisdictional objection dehors the record, he has a remedy pursuant to CPLR 5015 (subd [a], par 4). Turning to the merits, we perceive no grounds to disturb the determination of the Family Court. Appellant's assertion that an injury to his wrist in early December, 1980 precluded him from pursuing his trade as a carpenter, was contradicted by petitioner and appellant's own testimony that his injury did not preclude him from going bowling once a week. Thus, the Family Court properly refused to credit his assertions. Appellant's remaining contentions

are also without merit. Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.