■ In the Matter of JAMES NICHOLSON et al., Appellants, v RICHARD R. BLESSING, as Village Clerk for the Village of Pelham Manor, et al., Respondents. — In a proceeding pursuant to section 15-138 of the Election Law to declare invalid the election held on March 16, 1982 for the public office of Trustee of the Village of Pelham Manor, petitioners appeal from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated April 19, 1982, which, upon the motion of respondent Blessing, dismissed the petition for lack of jurisdiction. Judgment reversed, without costs or disbursements, respondent Blessing's motion to dismiss for lack of jurisdiction denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings not inconsistent herewith. The court erred in dismissing this proceeding to invalidate a village general election for lack of jurisdiction. Section 15-138 of the Election Law empowers the Supreme Court to summarily "determine any question arising and make such order as justice may require" with respect to village elections. Thus, the court has jurisdiction to annul a village general election for irregularities, without regard to the limitations found in section 16-100 as to nonvillage elections (see *Matter of Monkarsh v Kurtz,* 44 AD2d 700, cited with approval in *Matter of Doherty v Mahoney,* 42 NY2d 1069, 1071; *Matter of Davis,* 103 Misc 2d 786; contra *Matter of Mason v Tapel,* 71 AD2d 1050). Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.

■ In the Matter of GLADYS RABASCO, Respondent, v JOSEPH RABASCO, Appellant. (Action No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RABASCO, Appellant, v R. PHILLIPS, as Sheriff of Orange County, Respondent. (Action No. 2.) — Joseph Rabasco appeals (1) in a support proceeding, from an order of the Family Court, Dutchess County (Aldrich, J.), dated June 4, 1981, committing him to jail for a period of six months for violation of a support order and (2) in a habeas corpus proceeding, from a judgment of the Supreme Court, Orange County (Isseks, J.), dated September 8, 1981, which dismissed the proceeding. Order reversed, on the law, without costs or disbursements, and contempt petition dismissed. The findings of fact have not been considered. Judgment reversed, on the law, without costs or disbursements, petition granted and the Sheriff of Orange County is directed to discharge appellant from custody. Petitioner concedes that the father was not given the notice and warning required by subdivision (b) of section 453 of the Family Court Act. Accordingly, the Family Court lacked jurisdiction to order the father's commitment (see *Matter of Ellis v Ellis,* 85 AD2d 602). Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ In the Matter of JACOB SHAPIRO, Petitioner, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. — Determination of the respondent police commissioner, dated May 6, 1981, confirmed, and proceeding dismissed on the merits, with costs. No opinion. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.