■ MARIE MAURO, Appellant-Respondent, v NICHOLAS P. MAURO, Respondent-Appellant.—In a matrimonial action in which the parties were previously divorced, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated April 17, 1987, as denied her cross motion to vacate an amended judgment of divorce, dated December 31, 1985. The defendant husband cross-appeals from so much of the same order as denied his motion to vacate a stipulation of settlement dated October 20, 1986 and an undated order of the same court entered thereon.

Ordered that the order is modified by deleting the provision which denied the defendant's motion to vacate the stipulation of settlement and the order entered thereon; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The defendant husband sought to vacate a stipulation of

settlement and the order entered thereon on the ground that the plaintiff wife was guilty of fraud in the procurement of the settlement. According to the husband's motion papers, he agreed to settle the parties' financial disputes by accepting, *inter alia,* the balance which remained in one particular bank account. Unbeknownst to the husband, however, the wife had closed this account several months prior to the execution of the stipulation. Although the wife alleged that she had forgotten, at the time she entered into the stipulation, that she had withdrawn the funds and closed the account upon which the stipulation was primarily based, we find that an evidentiary hearing is necessary to determine whether the wife's conduct constituted an act of fraud sufficient to set aside the stipulation of settlement and the order entered thereon *(see, Shaw v Shaw,* 97 AD2d 403).

The wife's motion to vacate the amended judgment of divorce on the grounds of newly discovered evidence and excusable default was, however, properly denied. The wife failed to demonstrate that the 1984 bank balances could not have been discovered earlier by the exercise of due diligence *(cf., Matter of Gerzack v Gerzack,* 87 AD2d 612). Moreover, the wife's alleged inability to retain legal counsel is insufficient to excuse what was otherwise a willful default *(see, Levine v Berlin,* 46 AD2d 902).

We have examined the parties' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.