■ GARY SPERBECK, Appellant, v SHIRLEY SPERBECK, Respondent. [627 NYS2d 163] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered December 30, 1993 in Schoharie County, which denied plaintiff's motion to partially vacate a prior judgment ordering equitable distribution of the parties' marital residence.

The parties were married on July 27, 1975 and divorced by judgment entered June 18, 1990. More than three years later, plaintiff made the instant motion to set aside that portion of the judgment of divorce which ordered that the marital residence be sold with the proceeds to be divided equally. Plaintiff asserts that the parties had executed a separation agreement wherein defendant agreed to transfer title to the marital residence to him. Plaintiff argues that the agreement therefore conflicts with the order to sell the marital residence contained in the judgment of divorce. Plaintiff claims that he

did not know what he was doing during the divorce trial when Supreme Court refused to grant his belated request for an adjournment on the day of trial and ordered that the trial continue. At that time he was asked whether he wished to proceed with his then counsel or to stand mute. He was given time to confer with the counsel he wished to replace and thereafter his counsel advised the court that he wished to stand mute. The trial continued with his counsel cross-examining his wife when she took the stand and her witness. Plaintiff did not testify at the trial and did not appeal from the divorce judgment for over three years. Defendant testified at trial concerning the threats and force plaintiff allegedly applied to coerce her to sign the separation agreement. She also testified that plaintiff did not perform his obligation to pay support under the agreement. The agreement was also amended by agreement in 1987.

In denying plaintiff's motion to vacate a part of the judgment of divorce, Supreme Court found that plaintiff's remedy was by direct appeal from the judgment within the time limited and that he failed to establish grounds under CPLR 5015 to warrant the relief requested. We agree. The order of Supreme Court should be affirmed.

Plaintiff had 30 days after entry of judgment to consult another attorney and appeal from the judgment of divorce if he was dissatisfied with the outcome. Plaintiff offers no reasonable excuse for his long delay in challenging the judgment. We conclude that Supreme Court did not abuse its discretion in denying plaintiff's belated motion. Moreover, plaintiff's argument that he has offered newly discovered evidence entitling him to relief under CPLR 5015 (a) (2) is without merit *(see, Mauro v Mauro,* 148 AD2d 684; *see also, Cornwell v Safeco Ins. Co.,* 42 AD2d 127). Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.