■ In the Matter of SARI G. LADA, Respondent, v DOUGLAS LADA, Appellant. [632 NYS2d 641] —In a proceeding pursuant to Family Court Act article 4 to recover child support arrears, Douglas Lada appeals from an order and judgment (one paper) of the Family Court, Nassau County (Decker, J.), entered April 27, 1994, which *sua sponte* adjudged him to be in civil contempt for failing to pay child support pursuant to a judgment of divorce dated November 17, 1992, and sentenced him to 60 days imprisonment unless he purged himself of the contempt.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements.

After an evidentiary hearing on the mother's petition to recover, *inter alia,* child support arrears, the Judicial Hearing Officer (hereinafter JHO) issued a decision finding that the appellant owed in excess of $29,000 in child support. The JHO also *sua sponte* recommended that the appellant be held in

contempt and incarcerated for a period not to exceed three months based on his willful failure to pay support. Notably, the first time the Judicial Hearing Officer mentioned the issue of contempt was after the hearing had been completed, as she was reading her decision into the record. The appellant was not represented by counsel at the hearing. Thereafter, the Family Court adopted the JHO's recommendation, adjudging the father to be in contempt and sentencing him to 60 days imprisonment unless he purged himself of the contempt. We reverse.

There is no dispute that the mother's petition contained no request that the father be held in contempt based upon his nonpayment of support. Moreover, the mother concedes that the father was never given the notice and warning required by Family Court Act § 453 (b) *(see also,* Judiciary Law § 756; Family Ct Act § 262 [a] [vi]). Nor was the father warned of his right to counsel or even made aware that the imposition of a contempt sanction was a possibility until after the hearing was completed *(cf., Matter of Orzechowski v Orzechowski,* 206 AD2d 535). Under the circumstances, the Family Court was without jurisdiction to punish the father for contempt *(see, Matter of Dawn P.,* 180 AD2d 800; *Murrin v Murrin,* 93 AD2d 858; *Matter of Rabasco v Rabasco,* 88 AD2d 958; *Matter of Ellis v Ellis,* 85 AD2d 602; *see also, Bank Leumi Trust Co. v Taylor-Cishahayo,* 147 Misc 2d 685, 689). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.