■ In the Matter of ANN M. SARICH, Respondent, v MARY PONTIERI et al., Respondents, and CHERYL A. FELICE et al., Appellants. [638 NYS2d 788]

The petitioner sought a determination, inter alia, that the nomination by the Democratic Party Caucus of the Incorporated Village of Patchogue (hereinafter the Village) of the appellant Cheryl A. Felice as candidate for the public office of Mayor of the Village, and the nomination of Brian T. Weeks, Richard E. Knutson, and Angelo J. Julian as candidates for the public office of Trustee of the Village were improper, void, and contrary to law on the ground that the notice of caucus was, *inter alia,* inadequate. The Supreme Court properly granted the petition and prohibited the respondent Mary Pontieri, in her capacity as Village Clerk of the Village, from placing any of the appellants on the General Election ballot of the Village for the election to be held on March 19, 1996.

The Democratic Party failed to indicate in its notice of caucus that the caucus was being held to nominate candidates for the offices of Mayor and Trustee of the Village. Election Law § 15-108 (2) (d) requires that the notice specify "the offices for which candidates will be nominated". The notice of caucus, which stated that a caucus of the enrolled (Democratic) voters of the Village was being held "for the purpose of making party nominations for offices of said Village" was insufficient as a matter of law. Whether the Democratic Party deliberately or inadvertently omitted the offices to be filled is of no moment *(see generally, Matter of Pierce v Breen,* 86 NY2d 455).

We do not reach any other issue. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.