OPINION OF THE COURT
John P. DiBlasi, J.
In this special proceeding, petitioners challenge the recent nomination of respondent Malcolm Guidry (Guidry) as a candidate for the position of Trustee of the Village of Elmsford. The issue to be determined by this court is whether the failure to comply with certain Election Law provisions concerning the conducting of a party caucus renders Guidry’s nomination a nullity.
FACTUAL BACKGROUND
On January 27, 1998 the Democratic Committee Caucus of the Village of Elmsford, County of Westchester (the Caucus), conducted a meeting for the purpose of nominating a Demo *914 cratic candidate for the position of Trustee of the Village of Elmsford in the election scheduled to be held on March 17, 1998. At that meeting respondent Adele Grossman (Grossman) was appointed as Secretary for the Caucus. During the course of the meeting, Guidry was declared the nominee for the Office of Trustee of the Village of Elmsford.
Two days later a certificate of authorization was filed with the Village Clerk of the Village of Elmsford by the Caucus. In the certificate of authorization, the Caucus certified that a quorum of members was present for the Caucus meeting, and that the committee approved the nomination of Guidry.
On January 30, 1998, petitioners in this proceeding filed timely objections to the certificate of authorization. In their written specifications of objection, they asserted the following reasons why the nomination of Guidry was invalid:
“1. Failure to post notice of Democratic Party Caucus in the office of Village Clerk and failure to file such notice with the Village Clerk—All in violation of section 15-108-2C of Election Law.
“2. Failure to post notice of Democratic Party Caucus at the Westchester County Board of Elections and failure to file such notice with the Westchester County Board of Elections—All in violation of section 15-108-2C of Election Law.” (Petition, exhibit 6, letter dated Jan. 30, 1998.)
The Commissioners of the Westchester County Board of Elections split in their decision with respect to the objections by petitioners.[1] As a result, the Democratic certificate of nomination of Guidry remained as valid, and the Board of Elections directed that his name appear on the ballot in the March 17, 1998 village election. Thereupon, by order to show cause signed on February 6, 1998, petitioners Angela Korniczky (Korniczky) and Sam D’Avella (D’Avella) commenced this special proceeding seeking to nullify Guidry’s nomination.[2]
Oral argument on the petition was heard by this court on February 17, 1998. Neither counsel for respondent Ann R. Riberio, the Village Clerk of Elmsford, nor for respondent Westchester County Board of Elections, took any position on the issues raised in the petition.
*915 GROUNDS FOR CHALLENGE TO NOMINATION
On their order to show cause and supporting petition, petitioners offer four bases why the nomination of Guidry should be nullified. The first two grounds are those asserted in their written objections to the Westchester County Board of Elections. As a third reason, they contend “that no list of enrolled members of the party who [ ] participated in the Elms-ford Democratic Caucus has been filed with the Village Clerk as required by Election Law” (petition para 12). Finally, they allege that Grossman “is not an enrolled Democrat residing in the Village of Elmsford, and accordingly her participation in that caucus and certification of documents is improper and also renders the proceedings and the certificate of nomination invalid” (petition para 13).
In addition, a fifth ground of attack upon Guidry’s nomination was raised for the first time during oral argument. That challenge was addressed to whether the form of the certificate of nomination was proper.
LIST OF ENROLLED MEMBERS
As to the first of the objections to be determined by this court, it is petitioners’ contention that Guidry’s nomination is invalid because the Caucus failed to file a list of enrolled members of the party who participated in the meeting with the Village Clerk as required by Election Law. It cannot be disputed that such a list must be filed either with the certificate of nomination, or within five days after the Village Clerk sends notice of the failure to file such a list (Election Law § 15-108 [2] [e]; § 6-202 [5]).
For his part, Guidry contends that the list must have been provided because it is undisputed that the Clerk of the Village never sent the Caucus a “notice of the failure to file such list” as required by Election Law § 15-108 (2) (e). Whether or not such list was properly filed in accordance with the requirement, the court does not find petitioners’ position on this issue to be persuasive.
To the contrary, “while section 15-108 (subd 2, par e) of the Election Law contemplates the filing of the list of enrolled party members participating in the caucus simultaneously with the certificate of nomination, the failure to do so does not constitute a ‘fatal defect’ within the meaning of subdivision 2 of section 1-106 of the Election Law” (Matter of Sahler v Callahan, 92 AD2d 976, 977 [3d Dept 1983]). This is because “it is clear that the purpose of the list is to provide information use *916 ful to those circulating independent nominating petitions and not to serve as a source to object to the outcome of a caucus” (supra, at 977-978; see, Matter of Carncross v Salerno, 124 AD2d 1071 [4th Dept 1986], lv denied 68 NY2d 611 [1986]). For that reason, the court rejects this challenge to Guidry’s nomination.
IMPROPER PARTICIPATION BY NONRESIDENT
As their second additional ground, petitioners allege that the Caucus’ proceedings and the certificate of nomination are invalid because Grossman’s participation in the meeting was improper based upon the fact that she is not an enrolled Democrat residing in the Village of Elmsford. It is conceded by Guidry that Grossman is not a resident of the Village of Elms-ford, notwithstanding that she is a District Leader for the Democratic Party in the village.
Procedures related to party nominations for village offices are set forth in Election Law § 6-202. Subdivision (4) of that section provides in relevant part that “[n]o person shall participate in such * * * caucus who is not a resident of the village and an enrolled voter of the party conducting the * * * caucus.” This same bar as to the participation of a nonresident is set forth in Election Law § 15-108 (2) (d), which applies to nominations of candidates for elective village offices. From the quoted language it is clear that Grossman improperly took part in the nomination of Guidry since she was not a resident of the Village of Elmsford at the time the Caucus held its meeting.
Seeking to avoid a determination that his nomination is invalid, Guidry contends that even if Grossman’s participation was in violation of the statute, the resulting defect is merely “technical” and not “fatal” because her vote was not necessary to the nomination of Guidry. This argument is unconvincing.
As is evident from the language of the controlling statutes, participation by a nonresident of the village is absolutely prohibited. The reason for such a bar is obvious. Since a village election involves issues of local importance, those who take part in the electoral process should be residents of the same community in which the election is to be conducted.
Here, Grossman, albeit a registered Democrat, was not a resident of the village in which Guidry was nominated to run for elective office. By virtue of her involvement in the nominating process, the opinion of a person who has no direct relationship to the Village of Elmsford, and no direct interest in its local government decisions, played a role in the selection of the *917 individual who is seeking election in behalf of those who do reside in that village. In this way, the nominating process was improperly effected through the participation of an individual who had no right to have a role in that process, and indeed was statutorily prohibited from taking any such part in the process.
Nor can Grossman’s participation be overlooked as a mere “technical” defect because her vote was not needed to nominate Guidry. Certainly, as reflected by the certificate of nomination and other records filed in this proceeding, Guidry received the votes of all those who voted at the nominating meeting. Nevertheless, it is apparent that Grossman’s role in the process was a substantial one, in that she not only acted as Secretary for the Caucus, but was one of several people who, in behalf of all other enrolled Democratic village residents, chose Guidry to represent that party in the upcoming election. It cannot be doubted that this level of participation is well beyond any that may be overlooked by the court in determining whether the nominating process was improperly effected by the actions and participation of a statutorily unauthorized caucus member.[3]
FAILURE TO PROVIDE NOTICE
Petitioners’ first two listed challenges to the nomination are also substantial. Each of those grounds, asserted in their written objections filed with the Westchester County Board of Elections, relate to the Caucus’ failure to post and file the requisite notice of caucus.
Election Law § 15-108 (2) (c) provides that: “A notice of any party caucus held for making party nominations for village offices for village elections shall be given by the proper party authorities by posting such notice in the public areas at the offices of the village clerk and the board of elections and by filing such notice with such clerk and such board at least ten days *918 preceding the day of the caucus and, either by newspaper publication thereof once within the village at least one week and not more than two weeks preceding the caucus, or by posting such notice in six public places in the village at least ten days preceding the day of the caucus” (emphasis supplied).[4] Petitioners contend, and Guidry concedes, that the Caucus failed to post and file the requisite notice at the Offices of the Elmsford Village Clerk and the Westchester County Board of Elections.
Guidry claims that the Caucus did satisfy the alternative requirement of providing notice of the meeting by posting it in public places. He further asserts that by doing so, the Caucus fully complied with the former requirements of the statute. While it is true that such public posting, or the newspaper publication of notice, was all that was required at one time, the statutory requirements were amended effective December 1, 1996, to impose the additional requirements of posting and filing with the two offices set forth above.
Attempting to avoid a determination that failure to adhere to the statute as amended voids the nomination, Guidry contends that the Caucus substantially complied with the notice requirements. This argument is not persuasive. The requirement for posting and filing of notice is obviously designed to ensure that the public, and more importantly to party nominations, the enrolled voters of the party, are adequately informed of the intention of the representatives of one of its political parties to fill a position on the ballot of an election affecting the voters of that municipality. By failing to comply in full with the requirements of Election Law § 15-108 (2) (c), the Caucus deprived those interested voters from the Democratic Party, and the public in general, of the notice they were intended to have prior to the holding of a caucus at which a Democratic candidate was chosen.
Such a violation cannot be viewed as a “mere technicality” (cf., Matter of Pierce v Breen, 86 NY2d 455, 458 [1995] [premature filing of certificate of nomination in violation of strict election timetable was fatal defect and not mere technicality]). Moreover, that the Caucus may have inadvertently violated the statute out of its ignorance of an amendment to the law effective more than one year earlier “is of no moment” (see, Matter of Sarich v Pontieri, 225 AD2d 627, 628 [2d Dept 1996] [notice of caucus held deficient where it merely stated that it was being held to make party nominations for of *919 fices of village without specifying that the offices were those of Mayor and Trustee]). It was clearly the responsibility of the Caucus to be aware of all legal requirements related to the manner in which it conducted its business.
Nor can the liberal review of caucus procedures sought by Guidry save his nomination. In this regard, Guidry argues that recent changes in the law concerning defective nominating petitions should be viewed as reflecting a change in the approach to defective nominating procedures in general. This argument is not convincing because as is apparent from the amendment to the notice requirements as recently as only one year ago, our Legislature has determined that the prior notice requirements, including the posting of notices in public places relied upon at bar by the Caucus and Guidry, were insufficient to provide the voting public with sufficient notification of a nominating caucus meeting. To accept Guidry’s position that substantial compliance was achieved by the Caucus would have the effect of ignoring the specific amendment to the statute added so recently by the Legislature. This court cannot adopt such an approach. To the contrary, the court views the notice requirements as mandatory in nature, and concludes that failure to strictly comply with such requirements voids the nomination of Guidry (see, Matter of Densmore v Westall, 280 App Div 939 [2d Dept 1952] [holding that provisions of Election Law former § 146 “with respect to notice are mandatory and may not be disregarded”, and that a nomination made in violation of such requirements “is consequently void”]; see also, Matter of Freed v Hill, 176 AD2d 1065, 1067 [3d Dept 1991] [failure to strictly comply with notice requirements of Election Law § 6-108 (3) rendered nomination by caucus invalid]).
NEW CAUCUS MEETING
In obvious recognition of the weakness of his position, Guidry argues that this court may exercise its broad authority to order that a new caucus be conducted. Such a course of action is facially appealing at bar, since it cannot be credibly denied that the sole reason for petitioners’ challenge is to deprive the Democratic Party, Korniczky’s opposition in the March 17, 1998 election, of the opportunity to field a candidate.
Certainly, the court cannot be blind to the impact that will result from its invalidation of Guidry’s nomination. In short, a major political party will be unable to have its own candidate appear on the ballot in the village election for a Trustee position. This will have the effect of depriving the right of franchise to many members of the Village of Elmsford’s voting public.
*920 Nevertheless, an appeal to the court’s general authority cannot substitute for a legal basis upon which such relief may be granted. Therefore, reference must be made to the applicable statutes. To the extent that Guidry’s position has been made clear at the oral argument, he appears to rely upon Election Law § 16-102 (3) and § 15-138.
Insofar as relevant, Election Law § 16-102 (3) provides that “[t]he court may direct * * * the holding of a new * * * caucus where it finds there has been such fraud or irregularity as to render impossible a determination as to who rightfully was nominated”. Election Law § 15-138 speaks in broader terms, conferring upon Supreme Court “summary jurisdiction to determine any question arising and make such order as justice may require, in respect to village elections and registration therefor.” Guidry relies upon these two statutory grants of authority to this court in arguing that if his nomination is declared void, a new caucus should be ordered.
It is evident from the language of Election Law § 16-102 (3) that the court’s authority to order a new nominating caucus is limited to those circumstances when, as a result of irregularities in the procedures followed, the court cannot “render * * * a determination as to who rightfully was nominated or elected”. The circumstances involved in this case do not support the exercise of such authority by this court.
At bar, as Guidry himself argues, there was no other individual seeking the nomination at the Caucus’ meeting. Thus, this court’s conclusion that the Caucus’ violations of the Election Law requirements constituted fatal defects does not result in a situation where the court cannot determine which individual was actually nominated. To the contrary, this court’s decision invalidating the nomination leaves no doubt as to the result, i.e., that there is no nominee for the Democratic Party. While some may argue that this is a result which unfairly punishes the voting public for the negligence of the representatives of a political party, it is evident that such facts do not fit within the language of Election Law § 16-102 (3) (see, Matter of Branagan v Todd, 19 AD2d 337, 339 [4th Dept 1963], affd 13 NY2d 888 [1963] [Court properly ordered new city-wide primary election where as result of irregularities with voting machines it was impossible to determine results of election]).
Despite that conclusion, the court agrees with Guidry that it may exercise its authority to remedy the error in such a fashion as to permit the voters of the Village of Elmsford an opportunity to exercise a choice in the scheduled election. By *921 virtue of both Election Law §§ 15-138 and 16-100[5] (see, Matter of Brown v Ulster County Bd. of Elections, 48 NY2d 614 [1979]), this court may grant “[a] candidate’s request to give enrolled voters of [a] [political] [p]arty an opportunity to [vote]” (see, Matter of Schwarzfeld v D’Apice, 133 AD2d 203, 204 [2d Dept 1987]). This is especially appropriate where, as here, there has been a clear intention to nominate some person to rim for the Office of Village Trustee (see, Matter of Ross v Scaringe, 96 AD2d 1109 [3d Dept 1983]), and where the failure to provide such relief will have the effect of “disenfranchising] those who seek to exercise their right to vote in our elections” (see, Matter of Davis, 103 Misc 2d 786, 790 [Sup Ct, Orange County 1980]). Under all of the circumstances presented, the court therefore grants Guidry’s application that a new nominating caucus be ordered (see, Matter of Brown v Ulster County Bd. of Elections, supra; see also, Matter of Winn v Washington County Bd. of Elections, 196 AD2d 674 [3d Dept 1993]; cf., Matter of Rudmann v Scaringe, 83 AD2d 913, 914 [3d Dept 1981], affd 54 NY2d 778 [1981] [trial court improperly granted an opportunity to ballot where voters would not be left with no alternative candidates as a result of invalidation of certificate designating certain candidates for scheduled election]).
CONCLUSION
It is an unfortunate circumstance that one political party chooses to rely upon the errors of another as a tactic to ensure that it prevails, or increases its likelihood of prevailing, in an election for public office. Nevertheless, our Election Law provides for challenges to nominations and elections where statutory requirements have not been satisfied. In this case, those who have been chosen to act as representatives of a major political party have, through their ignorance of applicable legal requirements, deprived themselves, at least for the moment, of a candidate for the Office of Village Trustee. However, in order to ensure that the voting public is not disenfranchised by virtue of the ignorance or negligence of its party representatives, this court shall direct that a new nominating caucus meeting be conducted.

. The determination of the Westchester County Board of Elections was set forth in a letter to the Village Clerk dated February 4, 1998. That letter was received as court exhibit 1 at the oral argument on petitioners’ order to show cause.

. Korniczky is one of the two Republican Party nominees for the position of Trustee of the Village of Elmsford in the upcoming election. D’Avella is an enrolled Democrat in the Village of Elmsford.

. At the oral argument, counsel for Guidry attempted to distinguish the role of an unauthorized participant from that of one who acts as an advisor to a caucus body, such as an attorney present to ensure that a nominating meeting complies with all legal requirements. Unlike the example offered by counsel, Grossman’s role was not limited to providing advice or even acting as a mere reporting secretary. To the contrary, she fully participated in the nominating process, as evidenced by her casting a vote for Guidry. Further, there is no way in which to assess the degree to which her opinion and vote may have influenced the other Caucus members who voted for Guidry. Consequently, it would he mere speculation for this court to conclude that Grossman’s participation did not play a major role in the nomination of Guidry.

. The same requirements appear in Election Law § 6-202 (3).

. Election Law § 16-100 (1) grants “[t]he Supreme Court * * * jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in this article, which shall be construed liberally.”