■ In the Matter of Keren Peled, Appellant, v Sony Kamkahachi, Respondent. [909 NYS2d 372]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (O'Shea, J.), dated December 10, 2009, as denied her objections to so much of an order of the same court (Mayeri, S.M.) entered June 30, 2009, as, after a hearing, denied her applications for a willfulness hearing, for a determination that the father willfully failed to comply with the child support provisions of the parties' judgment of divorce dated March 4, 2002, and for an award of an attorney's fee.

Ordered that the order dated December 10, 2009, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly denied the mother's objections to so much of an order of the Support Magistrate as denied her applications for a willfulness hearing, a willfulness determination, and an award of an attorney's fee. Since the mother filed a child support enforcement petition, rather than a violation petition pursuant to Family Court Act § 453, the father was not given the notice and warning required under Family Court Act § 453 (b) (*see Matter of Rabasco v Rabasco*, 88 AD2d 958 [1982]; *Matter of Ellis v Ellis*, 85 AD2d 602 [1981]). Further, the mother was not entitled to an award of an attorney's fee pursuant to

Family Court Act § 438 because she did not seek that relief in her petition (see Weinberg v Weinberg, 95 AD2d 828 [1983]; Matter of MacFadden v Martini, 119 Misc 2d 94 [1983]). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.