■ In the Matter of JACK B. SOLERWITZ, Appellant, v ERNEST L. SIGNORELLI, as Justice of the Suffolk County Surrogate's Court, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Surrogate dated May 12, 1989, which, after a hearing, adjudged the petitioner guilty of criminal contempt and imposed a sentence of 30 days imprisonment and a fine of $1,000.

Adjudged that the petition is granted, on the law, without costs or disbursements, the order of commitment is vacated, and the finding of criminal contempt is set aside.

On or about April 4, 1989, after reading in the New York Law Journal that the petitioner had been suspended from the practice of law in this State, the Suffolk County Surrogate undertook a review of the records of the Surrogate's Court to determine whether the petitioner had been retained to represent any estates in proceedings before the court. Upon learning that the petitioner had been retained in a proceeding

involving the probate of a will, the Surrogate called a conference on May 8, 1989, at which it was revealed that on the petitioner's advice, all the estate's assets were turned over to him. The Surrogate directed the petitioner to appear on May 12, 1989, and to turn over to the court at that time his entire file with regard to the proceeding as well as any assets from the estate he had in his possession. The Surrogate further instructed the petitioner's former office manager that should the petitioner fail to follow the directive, he would refer the matter to the Office of the District Attorney. At the ensuing hearing, the petitioner advised the Surrogate that he was not in possession of any of the assets turned over to him. In response to an inquiry by the petitioner's counsel, the Surrogate indicated that the purpose of the hearing was to determine whether the petitioner was in criminal contempt of the court. After the executrix testified that she had turned over all the estate's assets to the petitioner, the court asked the petitioner what had become of the assets. The petitioner responded by invoking the Fifth Amendment. Based on the petitioner's foregoing responses, the Surrogate summarily adjudged him in criminal contempt of court pursuant to Judiciary Law § 750 (A) (3).

The petitioner contends that the Surrogate failed to base its determination on substantial evidence in the record pursuant to CPLR 7803 (4). We agree. The Surrogate offered no evidence to rebut the petitioner's assertion that he no longer was in possession of any of the estate's assets and thus did not establish that the petitioner had willfully violated its mandate (see, Judiciary Law § 750 [A] [3]).

Furthermore, the invocation of the Fifth Amendment by the petitioner cannot provide a basis for the contempt adjudication where there is no evidence in the record that his action in this regard was unjustified (see, Hoffman v United States, 341 US 479, 486-488; Flushing Natl. Bank v Transamerica Ins. Co., 135 AD2d 486). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.