■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID LABAR, Respondent. [633 NYS2d 423] —Crew III, J. Appeal from an order of the County Court of Saratoga County (Seibert, Jr., J.), entered December 20, 1994, which granted defendant's motion to dismiss the indictment.

In the early morning hours of June 10, 1994 defendant, a police officer with the City of Mechanicville Police Department in Saratoga County, went to a bar with his roommate, Brian Holmes, where both ate and consumed alcoholic beverages. After returning to their apartment, defendant and Holmes began watching television. A short time thereafter defendant went upstairs to bed. As defendant pulled his bedspread back and sat down on the edge of his bed, he saw Holmes kneeling down and reaching underneath the bed where defendant kept a

loaded shotgun. As Holmes slid the shotgun out from underneath the bed, defendant reached down and grabbed for the gun. A struggle ensued, the shotgun discharged and Holmes was killed. As a result, defendant was indicted and charged with the crime of criminally negligent homicide. Following his arraignment, defendant moved to dismiss the indictment on the ground that the evidence presented to the Grand Jury was not legally sufficient. County Court granted defendant's motion and this appeal by the People ensued.

Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of [the] offense charged and the defendant's commission thereof" (CPL 70.10 [1]), and on a motion to dismiss an indictment the proper inquiry is " 'whether the evidence [presented to the Grand Jury,] viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Jensen*, 86 NY2d 248, 251, quoting *People v Jennings*, 69 NY2d 103, 114). Viewing the Grand Jury evidence in accordance with those standards, we find it to be legally sufficient and reverse.

A person is guilty of criminally negligent homicide when, "with criminal negligence, he causes the death of another person" (Penal Law § 125.10). Criminal negligence, in turn, is defined as failing to perceive a substantial and unjustifiable risk which is of such a degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the circumstances (Penal Law § 15.05 [4]). Of significant importance is the instruction of the Court of Appeals that some culpable "risk creation" is essential, that is, defendant must have engaged in some blameworthy conduct creating or contributing to a substantial or unjustifiable risk of death (*see, People v Boutin*, 75 NY2d 692).

While it is clear from the record that defendant inadvertently caused Holmes' death, it is equally clear that the surrounding circumstances support a prima facie finding that defendant committed the crime of criminally negligent homicide. Defendant, who made several pre-presentment statements and testified before the Grand Jury, conceded that he and Holmes drank to excess at times, and a review of the Grand Jury minutes reveals that the Grand Jury could well have concluded that they both had done so on the day of the homicide. Defendant kept the loaded shotgun, with a chambered shell, under his bed knowing that Holmes was aware of its location and previously had removed it during a party and had waved it around while in close proximity to persons attending the party.

Finally, defendant knew that the safety should be on, but was unaware whether the safety was on or off on the day in question. Considering the totality of the circumstances surrounding defendant's conduct, we are of the opinion that the People presented sufficient evidence to establish prima facie proof that the crime charged had been committed, that is, the Grand Jury could reasonably have concluded that defendant acted in a criminally negligent manner by continuing to keep a loaded shotgun under his bed with the knowledge that Holmes had used it on previous occasions in a dangerous and unlawful manner (*see, People v Haney*, 30 NY2d 328).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.