■ JOHN LIVINGSTON, Appellant, v CITY OF NEW YORK et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [787 NYS2d 889]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Schulman, J.), dated October 28, 2003.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Schulman at the Supreme Court. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.

■ FLORIN C. PAPA, Also Known as FLORIN C. POPESCU, Plaintiff, v 24 CARYL AVENUE REALTY Co. et al., Defendants. COMMUNITY PRESERVATION CORPORATION, Intervenor; CHARLES RUDD MACKENZIE, Nonparty Appellant; W. DENIS DONOVAN, Respondent. [788 NYS2d 611]—

In an action to foreclose a mortgage, the plaintiff's attorney, Charles Rudd Mackenzie, appeals, by permission, from an order of the Supreme Court, Westchester County (Donovan, J.), dated August 1, 2003, which, after a hearing, held him in criminal contempt of court for his willful violation of an order of the same court dated June 19, 2003, imposed upon him a term of imprisonment of 30 days with the ability to purge upon the deposit of the balance of certain fees and disbursements he received in the sum of $52,073.34 with the Westchester County Treasurer, and imposed a fine in the sum of $250.

Ordered that the order is affirmed, without costs or disbursements.

The evidence before the Supreme Court was sufficient to find that the appellant willfully disobeyed a lawful mandate of the court, which constituted criminal contempt (*see* Judiciary Law § 750 [A] [3]; *City of Poughkeepsie v Hetey*, 121 AD2d 496 [1986]). There was evidence presented at the hearing to support the conclusion that, contrary to the appellant's contention, his failure to comply with the underlying order was willful (*see Ferraro v Ferraro*, 272 AD2d 510 [2000]; *Matter of Gerzack v Gerzack*, 87 AD2d 612 [1982]; *cf. Matter of Riccio v Paquette*, 284 AD2d 335 [2001]; *Matter of Solerwitz v Signorelli*, 183 AD2d 718 [1992]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.