■ Florin C. Papa, Also Known as Florin C. Popescu, Plaintiff, v 24 Caryl Avenue Realty Co. et al., Defendants. Community Preservation Corporation, Intervenor Third-Party Plaintiff-Respondent; Charles Rudd Mackenzie, Third-Party Defendant-Appellant. [804 NYS2d 112]—

In an action to foreclose a mortgage, the third-party defendant appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered April 1, 2004, which is in favor of the third-party plaintiff and against him in the total sum of $419,075.46 and dismissed his counterclaims.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly granted the motion of Community Preservation Corporation (hereinafter CPC) for summary judgment dismissing the third-party counterclaims of Charles Rudd Mackenzie and for summary judgment on CPC's third-party claim for damages pursuant to Judiciary Law § 487 (1) on the basis of attorney misconduct. The documentary evidence in support of CPC's motion established that Mackenzie, the plaintiff's attorney, commenced the action to foreclose a mortgage following two judicial determinations that the mortgage had been satisfied and the debt extinguished. Moreover, Mackenzie failed to name CPC as a defendant in the action, even though he knew from previous litigation that CPC was a mortgagee with an unsatisfied claim. After commencing the foreclosure action, Mackenzie made a motion for leave to

enter judgment upon the defendants' failure to appear or answer and to direct the Commissioner of Finance of the County of Westchester (hereinafter the Commissioner of Finance) to disburse the surplus funds that were being held as a result of a prior foreclosure action. In making his motion, Mackenzie failed to disclose to the court that the plaintiff's motion for leave to intervene in the prior foreclosure proceeding had been denied, that CPC had a claim to the surplus funds, and that the plaintiff's other foreclosure action had been dismissed. After the motion, inter alia, for a default judgment was granted, Mackenzie obtained the funds from the Commissioner of Finance, disbursed a portion to the plaintiff, and retained the balance, the sum of approximately $80,000, as his fee. When CPC moved for leave to intervene in the foreclosure action and the court learned what had happened, the court directed Mackenzie to deposit the sum of approximately $80,000 with the Commissioner of Finance. Mackenzie failed to do so, claiming financial inability. As a result, CPC was deprived of the benefit of the surplus funds to which it was entitled. CPC thus established, prima facie, its entitlement to judgment as a matter of law pursuant to Judiciary Law § 487 (1) (*see Schindler v Issler & Schrage,* 262 AD2d 226 [1999]; *cf. Knecht v Tusa,* 15 AD3d 626 [2005]; *O'Connell v Kerson,* 291 AD2d 386 [2002]). Since Mackenzie failed to raise a triable issue of fact in response, summary judgment in favor of CPC was properly granted (*see New York City Tr. Auth. v Morris J. Eisen, P.C.,* 276 AD2d 78 [2000]; *Burton v Kaplan,* 184 AD2d 408 [1992]).

Contrary to Mackenzie's contentions, the judgment against him in this civil action does not constitute a criminal conviction requiring proof beyond a reasonable doubt at trial (*see* CPL 1.20 [13]; *Snow v Shreffler,* 148 App Div 422 [1911]; *cf. People v Canale,* 240 AD2d 839 [1997]).

Mackenzie's remaining contentions are without merit. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.