[819 NYS2d 553]

In the Matter of CHARLES RUDD MACKENZIE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 2006

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Eddie Still* of counsel), for petitioner.

*Bosworth, Gray & Fuller*, Bronxville (*David Otis Fuller, Jr.*, of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 24, 2005, containing two charges of professional misconduct, and a supplemental petition dated April 1, 2005, containing four charges. The respondent served answers to the petition and the supplemental petition. At the preliminary conference held on August 24, 2005, counsel were directed to submit prehearing memoranda of law addressing the scope of the evidence at the hearing scheduled for September 21, 2005. By decision dated September 16, 2005, the Special Referee ruled that the evidence would be limited to the establishment of the charges in the petition and supplemental petition, and to the introduction by the respondent of evidence with respect to the issues of mitigation and the appropriate sanction. Following the hearing, the Special Referee sustained all six charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent does not oppose the petitioner's motion, but requests that his discipline be limited to "a warning and periodic visits with an appointed mentor to monitor his practice."

Charges One and Two are based upon an order of the Supreme Court, Westchester County, dated August 1, 2003, which, after a hearing, held the respondent, who was the attorney for the plaintiff, in criminal contempt for his willful

violation of an order of the same court dated June 19, 2003 (*see Papa v 24 Caryl Ave. Realty Co.*, 14 AD3d 600 [2005]).

Charge One alleges that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), thereby engaging in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). By order dated August 1, 2003, the Supreme Court held the respondent in criminal contempt pursuant to Judiciary Law § 750, based upon his willful violation of the order dated June 19, 2003, in an action entitled *Papa v 24 Caryl Ave. Realty Co.* Pursuant to the order dated August 1, 2003, the respondent was sentenced to a term of imprisonment of 30 days, to be reduced to time served if he deposited the balance of certain fees and disbursements received by him in the sum of $52,073.34 with the Westchester County Treasurer, and he was fined $250. By decision and order dated January 24, 2005, this Court affirmed the order dated August 1, 2003 (*Papa v 24 Caryl Ave. Realty Co.*, 14 AD3d 600 [2005]).

Charge Two is predicated upon the factual allegations of Charge One and further alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges Three through Six emanate from an order of the Supreme Court, Westchester County, dated February 11, 2004, awarding treble damages against the respondent personally, based upon his deceitful behavior in the same underlying mortgage foreclosure action. This Court affirmed that order and the respondent was denied leave to appeal to the Court of Appeals (*Papa v 24 Caryl Ave. Realty Co.*, 23 AD3d 361 [2005], *lv denied* 6 NY3d 705 [2006], *cert denied sub nom. Mackenzie v Donovan*, 547 US —, 126 S Ct 2895 [2006]).

Charge Three alleges that the respondent has been found guilty of violating Judiciary Law § 487, thereby engaging in illegal conduct that adversely reflected on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]). By order dated February 11, 2004, in an action entitled *Papa v 24 Caryl Ave. Realty Co.*, the Supreme Court, Westchester County, found that the respondent intentionally deceived the court while representing the plaintiff, causing injury to the intervenor third-party plaintiff, Community Preservation Corporation. The court

expressly determined, inter alia, that the respondent intentionally withheld critical information regarding prior proceedings and decisions in related civil actions, and made misrepresentations of fact regarding the validity of his client's claim, all with the specific intent to deceive the court. The respondent was named as a third-party defendant in a third-party complaint seeking damages pursuant to Judiciary Law § 487, and he had a full and fair opportunity to litigate the claim. The court awarded Community Preservation Corporation treble damages against the respondent personally, pursuant to Judiciary Law § 487, based upon the respondent's deceit and misrepresentations and on the damages resulting from his unlawful conduct.

Charge Four is predicated upon the factual allegations of Charge Three and further alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five is predicated upon the factual allegations of Charge Three and further alleges that the respondent engaged in conduct that was prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Six is predicated upon the factual allegations of Charge Three and further alleges that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The petitioner's direct case consisted entirely of documents submitted into evidence, with no witnesses called. It maintained that collateral estoppel applied with respect to all of the charges based upon the orders of the Supreme Court and the two decisions and orders of this Court. The respondent appeared with counsel and testified in mitigation. The Special Referee applied the doctrine of collateral estoppel and sustained all six charges based upon the evidence adduced.

We conclude that the Special Referee properly sustained the six charges against the respondent based upon the application of the doctrine of collateral estoppel and the documentary evidence presented. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner reports that the respondent's prior

disciplinary history includes one letter of caution issued November 13, 2001, by the Westchester County Bar Association involving his failure to adequately investigate the facts of a case.

By way of mitigation, the respondent points out that he has already repaid one third of the money that he was ordered to repay to the Commissioner of Finance, and he intends to repay all of the money when his financial circumstances permit. Also, the impact of his imprisonment and the adverse newspaper publicity has left his practice in shambles, and he owes a great deal of money as a result of the judgment against him and the legal fees that he owes to his own attorney. Prior to his conviction of criminal contempt, he was never convicted of a crime and, except for the letter of caution, he has never been disciplined. If readmitted to practice, he wishes to work with an experienced attorney and to continue work in public service either on an 18-B panel or in educating new attorneys to avoid the problems he encountered. Two character witnesses who have known the respondent for more than 10 years, testified with respect to his good reputation.

Notwithstanding the mitigation advanced in the instant case, the respondent has engaged in misconduct involving dishonesty and deceit going to the heart of the judicial system. Under the totality of circumstances, the respondent is disbarred.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Charles Rudd Mackenzie, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Charles Rudd Mackenzie, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Charles Rudd Mackenzie, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its

application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Charles Rudd Mackenzie, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).