■ CROWN ASSOCIATES, INC., Respondent, v ZOT, LLC, et al., Appellants. [921 NYS2d 268]—

In an action to recover damages for prima facie tort, trespass, breach of contract, negligence, deceptive business practices, tortious interference with contract, and violation of Judiciary Law § 487, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 16, 2010, which denied their motion to dismiss the causes of action to recover damages for breach of contract and negligence insofar as asserted against the defendants Urban American Management, LLC, Philip Eisenberg, and City Investment Fund, and to dismiss the remaining causes of action in their entirety, pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against the defendants Urban American Management, LLC, Philip Eisenberg, and City Investment Fund, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision therefor denying that branch of the defendants' motion which was to dismiss the cause of action to recover damages for negligence insofar as asserted against the defendants Philip Eisenberg and City Investment Fund, and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the causes of action to recover damages for tortious interference with contract and trespass insofar as asserted against the defendant City Investment Fund, and substituting therefor a provision granting that branch of the motion, and (4) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the causes of action to recover damages for deceptive business practices, prima facie tort, and violation of Judiciary Law § 487 in their entirety, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 2008 the plaintiff commenced this action against the defendants Zot, LLC (hereinafter Zot), Urban American Management, LLC (hereinafter UAM), Philip Eisenberg, and City Investment Fund (hereinafter CIF). According to the amended complaint, dated March 9, 2009, Eisenberg is a shareholder and director of both Zot and UAM. The plaintiff had been a commercial tenant at 510 Empire Boulevard in Brooklyn since March 2004, having entered into a lease with the prior owner of the premises. The plaintiff operated a restaurant in the space. The prior owner sold the property to Zot on February 27, 2006, and Zot retained UAM to manage the premises. The amended complaint alleged, inter alia, that "[t]he defendants orchestrated a scheme to purchase the subject property with the intention of harassing the existing tenants who paid low rents, thereby forcing them out of the building and enabling the defendants to profit by re-renting the spaces thus cleared to new tenants who would pay higher rents." Among other allegations, the amended complaint stated that the defendants failed to repair a leak in the restaurant's ceiling, which went from a drip to "cascading showers of water," eventually causing the ceiling to collapse. The restaurant was also allegedly "teeming with rats and mice." The amended complaint also alleged that Eisenberg had some unspecified financial arrangement with CIF.

The amended complaint purportedly alleged causes of action to recover damages for prima facie tort, trespass, breach of contract, negligence, and deceptive business practices against all of the defendants. It further purportedly alleged causes of action to recover damages for tortious interference with contract against Eisenberg, UAM, and CIF, and the violation of Judiciary Law § 487 against Eisenberg. The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5) and (7). In an order dated June 16, 2010, the Supreme Court denied the defendants' motion in its entirety, without elaboration. The defendants appeal.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), a court must "accept the facts as alleged in the complaint as true, accord [the] plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for deceptive business practices (*see* General Business Law § 349) in its entirety, as the amended complaint

failed to allege that the defendants were engaged in a "consumer-oriented" practice (*Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 994 [2008] [interior quotation marks omitted]). The Supreme Court further should have dismissed the cause of action to recover damages for prima facie tort in its entirety, since the complaint alleged that the defendants were motivated by profit, and " '[a] claim of prima facie tort does not lie where the defendant's action has any motive other than a desire to injure the plaintiff' " (*Weaver v Putnam Hosp. Ctr.*, 142 AD2d 641, 641-642 [1988], quoting *Global Casting Indus. v Daley-Hodkin Corp.*, 105 Misc 2d 517, 522 [1980]). The Supreme Court also should have dismissed the cause of action to recover damages for the violation of Judiciary Law § 487—which was directed solely at Eisenberg—since the amended complaint failed to allege that Eisenberg was acting in his capacity as an attorney, and "the mere fact that a wrongdoer is an attorney is insufficient to impose liability" (*People v Canale*, 240 AD2d 839, 841 [1997]; *see also Oakes v Muka*, 56 AD3d 1057, 1058 [2008]).

The Supreme Court properly concluded that the amended complaint stated a valid cause of action alleging that Eisenberg, Zot, and UAM committed trespass by intentionally allowing water to be diverted onto the plaintiff's premises (*see Meadow Lane Equities Corp. v Hill*, 63 AD3d 699, 700-701 [2009]; *Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]). However, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss this cause of action insofar as asserted against CIF, since the amended complaint failed to articulate the relationship between CIF and the other defendants, and failed to state that CIF had ever entered onto the plaintiff's premises (*see generally Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]).

A claim of tortious interference with a contract requires proof of (1) the existence of a valid contract between a plaintiff and a person or entity not a party to the contract; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages (*see Foster v Churchill*, 87 NY2d 744, 749- 750 [1996]; *see also Commodari v Long Is. Univ.*, 295 AD2d 302 [2002]). The Supreme Court properly determined that the amended complaint stated a valid cause of action to recover damages for tortious interference with a contract against Eisenberg and UAM. But the Supreme Court should have granted that branch of the defendants' motion which was to dismiss this cause of action insofar as asserted against CIF, since the amended complaint failed to articulate how CIF intentionally procured a breach of the contract between Zot and the plaintiff.

The Supreme Court also properly concluded that the amended complaint stated a valid cause of action to recover damages for negligence against UAM (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139 [2002]). Nonetheless, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss this cause of action insofar as asserted against Eisenberg and CIF, as the amended complaint failed to allege that either of these two defendants owed a duty to the plaintiff (*see generally Friedman v Anderson*, 23 AD3d 163, 165 [2005]).

The Supreme Court should have granted those branches of the defendants' motion which were to dismiss the cause of action to recover damages for breach of contract insofar as asserted against Eisenberg, UAM, and CIF, since Zot was the only defendant in privity of contract with the plaintiff (*see generally M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515 [1998]).

In view of the foregoing, we do not address the parties' remaining contentions. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.