*783 In an action, inter alia, to recover damages for breach of fiduciary duty, conspiracy, fraud, violation of Judiciary Law § 487 (1), prima facie tort, and conversion, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered December 28, 2011, as granted that branch of the motion of the defendants Matthew M. Lupoli, Albert Basal, Fred Basal, Tony Zadeh, Plaza Homes, LLC, Universal Development, LLC, and George J. Brucker which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) from so much of an order of the same court, also entered December 28, 2011, as granted that branch of the motion of the defendants Peter M. Redmond and Peter M. Redmond, EC. which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the first order entered December 28, 2011, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Matthew M. Lupoli, Albert Basal, Fred Basal, Tony Zadeh, Plaza Homes, LLC, Universal Development, LLC, and George J. Brucker which was for summary judgment dismissing the cause of action to recover damages for breach of fiduciary duty insofar as asserted against them and so much of the cause of action sounding in conspiracy as relates thereto, and substituting therefor a provision denying that branch of the motion; as so modified, that order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the second order entered December 28, 2011, is affirmed insofar as appealed from, without costs or disbursements.
The defendant Matthew M. Lupoli was appointed guardian over, inter alia, the real property owned by two wards, Keishma Smallwood and Alice Dailyda. Edith Hills, the guardian appointed over the person of Keishma Smallwood, and Alice Collins, the daughter of Alice Dailyda, commenced this action, contending that Lupoli breached his fiduciary duty by ignoring legitimate purchase offers for the subject property, and instead selling them at below market value to pre-selected bidders — the defendants Plaza Homes, LLC (hereinafter Plaza Homes), and Universal Development, LLC (hereinafter Universal) — which then re-sold the subject property for a substantial profit. The complaint contains causes of action sounding in, inter alia, breach of fiduciary duty, conspiracy, violation of Judiciary Law § 487, prima facie tort, and conversion against Lupoli and his *784 attorneys Peter M. Redmond and Peter M. Redmond, PC. (hereinafter together the Redmond defendants), and, among others, the purchasers of the subject property. The defendants moved for summary judgment dismissing the complaint and the plaintiffs opposed the motions, submitting evidence in admissible form demonstrating that potential buyers expressed interest in the subject property, and those expressions of interest were ignored or rebuffed by Lupoli, who instead sold the properties at public auction at lesser prices. In two separate orders, both entered December 28, 2011, the Supreme Court granted the defendants’ motions for summary judgment dismissing the complaint.
The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant’s misconduct (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807 [2011]). Lupoli does not contest the fact that he owed a fiduciary duty to both of his wards in his capacity as their guardian. Although he and his alleged coconspirators established, prima facie, that they did not engage in misconduct, the plaintiffs’ evidence that higher offers for the properties were ignored raised a triable issue of fact with respect to that cause of action insofar as asserted against Lupoli and his alleged coconspirators Albert Basal, Fred Basal, Tony Zadeh, Plaza Homes, Universal, and George J. Brucker. However, the plaintiffs failed to raise a triable issue of fact as to the Redmond defendants, since there is no evidence that the Redmond defendants, as Lupoli’s attorneys, had actual knowledge of any breach of fiduciary duty by Lupoli and his alleged coconspirators (see Baron v Galasso, 83 AD3d 626, 629 [2011]).
Pursuant to Judiciary Law § 487 (1), “[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor.” Lupoli was not acting as an attorney, but as a guardian, and he was represented by counsel. Therefore, this provision did not apply to him (see Crown Assoc., Inc. v Zot, LLC, 83 AD3d 765, 768 [2011]; Oakes v Muka, 56 AD3d 1057, 1058 [2008]). Further, with respect to the cause of action sounding in fraud, the defendants submitted evidence that they did not make misrepresentations upon which the plaintiffs reasonably relied, and the plaintiffs failed to raise a triable issue of fact in that regard.
“In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an im *785 mediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff’s rights” (Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068 [2012] [internal quotation marks omitted]). In the instant case, all of the defendants, except for Plaza Homes and Universal, established as a matter of law that they did not exercise any dominion or control over any profits realized upon the resale of the properties by Plaza Homes and Universal. Since Plaza Homes and Universal were titled owners of the properties when they were resold, they had the superior right to possession of those profits and cannot be charged with conversion.
The requisite elements of a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal (see Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712 [2012]). The plaintiffs failed to allege specific facts in the complaint to state a cause of action sounding in prima facie tort. The complaint and amended complaint clearly demonstrate that financial gain was the motivation for committing the acts complained of, rather than malevolence toward the plaintiffs (see Etzion v Etzion, 62 AD3d 646, 651 [2009]).
The parties’ remaining contentions are without merit, or need not be addressed in light of our determination. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.