Altman v DiPreta (2022 NY Slip Op 02774)

Altman v DiPreta

2022 NY Slip Op 02774

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2015-03521
 (Index No. 52574/14)

[*1]Jeanne Altman, plaintiff, Charles Altman, appellant,
v
Richard S. DiPreta, et al., respondents, et al., defendant.

Altman Law Group LLC, Rye, NY (Charles Altman pro se of counsel), for appellant.
Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for respondents Richard S. DiPreta and DiPreta Law firm, L.L.P.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent Richard J. Slagle.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, tortious interference with contractual relations, and violation of Judiciary Law § 487, the plaintiff Charles Altman appeals from an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), entered March 24, 2015. The order, insofar as appealed from, granted the separate motions of the defendant Richard J. Slagle and the defendants Richard S. DiPreta and DiPreta Law Firm, LLP, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the appeal from so much of the order as granted those branches of the separate motions of the defendant Richard J. Slagle and the defendants Richard S. DiPreta and DiPreta Law Firm, LLP, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them by the plaintiff Jeanne Altman is dismissed, as the plaintiff Charles Altman is not aggrieved thereby (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In 2010, Jeanne Altman (hereinafter Jeanne) executed a durable power of attorney in favor of her two sons, Charles Altman (hereinafter Charles) and Edwin Altman (hereinafter Edwin). Following the deterioration of Jeanne's mental faculties, Charles and Edwin had disagreements about her care. Charles retained the defendant Richard Slagle, a Connecticut attorney, to represent Jeanne. Charles then commenced a conservatorship proceeding in Connecticut, where Jeanne was then residing. By decree dated December 4, 2012, the Probate Court of Greenwich, Connecticut (hereinafter the Probate Court), appointed the defendant Richard S. DiPreta, a Connecticut attorney, as conservator of Jeanne's estate, and appointed Charles as conservator of her person.
DiPreta subsequently petitioned the Probate Court for the removal of Charles as conservator of Jeanne's person. By decree dated August 2, 2013, the Probate Court removed Charles as conservator, finding, inter alia, that Charles had improperly brought Jeanne from Connecticut to New York without court approval, and that Charles failed to act in Jeanne's best interests.
In February 2014, Charles and Jeanne (hereinafter together the plaintiffs) commenced this action in New York against, among others, DiPreta and DiPreta Law Firm LLC (hereinafter together the DiPreta defendants), and Slagle, inter alia, to recover damages for legal malpractice, tortious interference with contractual relations, and violation of Judiciary Law § 487. In an amended complaint, the plaintiffs alleged, among other things, that the DiPreta defendants and Slagle engaged in "deceit and collusion" as part of a plan to retain control over Jeanne's assets and withhold payments to Charles. The DiPreta defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging tortious interference with contractual relations and violation of Judiciary Law § 487 insofar as asserted against them. Slagle separately moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487 insofar as asserted against him. In an order dated March 24, 2015, the Supreme Court, among other things, granted those branches of the separate motions. Charles appeals.
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d 590, 591). "However, '[i]n opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists'" (id. at 591, quoting Skutnik v Messina, 178 AD3d 744, 744-745).
CPLR 302(a) provides, in relevant part, that a New York court may exercise personal jurisdiction over any non-domiciliary who "transacts any business within the state" (id. § 302[a][1]) or "commits a tortious act within the state" (id. § 302[a][2]). Here, in opposition to Slagle's motion, the plaintiffs failed to make a prima facie showing that personal jurisdiction over Slagle existed under CPLR 302(a)(1) or (2). The conduct alleged by the plaintiffs pertaining to Slagle either occurred in Connecticut in connection with the conservatorship proceeding or did not constitute a "tortious act" (id. § 302[a][2]). The record is also insufficient to establish that Slagle conducted sufficient purposeful activities in New York, which bore a substantial relationship to the subject matter of this action, so as to avail himself of the benefits and protections of New York's laws (see id. § 302[a][1]; Abad v Lorenzo, 163 AD3d 903, 905; Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d 977, 979-980). Further, contrary to Charles' contention, the plaintiffs failed to make a sufficient showing to warrant holding Slagle's motion in abeyance while discovery is conducted on the issue of jurisdiction (see Abad v Lorenzo, 163 AD3d at 905; Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 915). Accordingly, the Supreme Court properly granted that branch of Slagle's motion which was pursuant to CPLR 3211(8) to dismiss the complaint insofar as asserted against him by Charles for lack of personal jurisdiction.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Berkovits v Berkovits, 190 AD3d 911, 914-915, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505). Further, "where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731).
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's [*2]knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628). Here, the parties' evidentiary submissions demonstrated that DiPreta, as conservator of Jeanne's estate, was justified in withholding payment in connection with certain contracts Charles entered into on behalf of Jeanne (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426; Foster v Churchill, 87 NY2d 744, 750-751; Montano v City of Watervliet, 47 AD3d 1106). Accordingly, the Supreme Court properly granted that branch of the DiPreta defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging tortious interference with contractual relations insofar as asserted against them by Charles for failure to state a cause of action.
Under Judiciary Law § 487(1), an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages. "Judiciary Law § 487 'applies to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney'" (Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 698, quoting Oakes v Muka, 56 AD3d 1057, 1058). Here, the parties' evidentiary submissions demonstrated that the DiPreta defendants did not act in their capacities as attorneys when they allegedly made deceitful statements. Accordingly, the Supreme Court properly granted that branch of the DiPreta defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487 insofar as asserted against them by Charles (see Smallwood v Lupoli, 107 AD3d 782, 784; Crown Assoc., Inc. v Zot, LLC, 83 AD3d 765, 768; Oakes v Muka, 56 AD3d at 1058).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court